IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Amber D. Halldin, | : | |
| | : | Bankruptcy No. 17-70357-JAD |
| | : | |
| Debtor(s) | : | |
| | : | Chapter 13 |
| Amber D. Halldin, | : | |
| Movant | : | |
| | : | Motion No. † WO-1 |
| v. | : | Motion No. † WO-2 |
| | : | |
| Commonwealth of Pennsylvania/ | | |
| Torrance State Hospital | | |
| Respondent | : | |

**EX PARTE MOTION FOR ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT**

The undersigned respectfully represents as follows:

1. A Chapter 13 case was filed.

2. It appears that the Debtor receives regular income which may be attached under 11 U.S.C. §1326 to fund the Chapter 13 Plan.

3. The likelihood of success in the case will be much greater if the Debtorøs income is attached to fund the plan.

**WHEREFORE**, the Chapter 13 Trustee and/or the Debtor respectfully request that this Court enter an Order to Pay Trustee in the form attached.

/s/ John R. Lhota
Signature of Attorney for Debtor(s)

John R. Lhota
Attorney for Debtor(s)

26 South 2nd Street, Suite 101, Clearfield, PA 16830
Address of Attorney for Debtor(s)

814-765-9611; PA ID No. 22492
Phone No. and Pa. I.D. No. of Chapter 13
Trustee or Attorney for Debtor(s)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Amber D. Halldin, | : | Bankruptcy No. 17-70357-JAD |
| | : | |
| Debtor | : | |
| | : | Chapter 13 |
| | : | |
| Amber D. Halldin, | : | |
| | : | |
| Movant | : | |
| | : | Related to Document No. |
| v. | : | |
| | : | |
| Commonwealth of Pennsylvania/ | : | |
| Torrance State Hospital | | |
| 121 Longview Drive | | |
| Torrance, PA 15779 | | |
| Attention: Payroll Department , | | |
| | | |
| Respondent | | |

**ORDER TO PAY TRUSTEE PURSUANT TO WAGE ATTACHMENT**

The above-named Debtor(s) having filed a Chapter 13 petition and Debtor(s) or Trustee having moved to attach wages to fund the Chapter 13 Plan:

IT IS, THEREFORE, ORDERED that: until further order of this Court, the Respondent from which the Debtor receives income; **Commonwealth of Pennsylvania/ Torrance State Hospital, 121 Longview Drive, Torrance, PA 15779, Attention: Payroll Department**

(1) shall deduct from that income the sum of **$483.00**, biweekly, beginning on the next pay day following receipt of this order and shall deduct a similar amount each pay period thereafter, including any period for which the Debtor receives a periodic or lump sum payment as a result of vacation, termination, or other benefit arising out of present or past employment, or from any other benefits payable to the Debtor, and shall remit the deducted sums ON AT LEAST A MONTHLY BASIS to:

> RONDA J. WINNECOUR
> CHAPTER 13 TRUSTEE, W.D.PA.
> P.O. BOX 84051
> CHICAGO, IL 60689-4002

(2) the Debtor is paid bi-weekly, and the monthly plan payment is **$966.00.**           .
(3) the above-named entity shall notify the Chapter 13 Trustee if the Debtor¢s income is terminated and the reason therefor.
(4) the Debtors shall serve this order and a copy of the Notification of Debtor¢s Social Security Number, Local Bankruptcy Form 12, that includes the debtor¢s full Social Security number on the Respondent. Debtor shall file a certificate of service regarding service of the order and local form, but the Social Security number shall not be included on the certificate.

(5) all remaining income of the Debtor, except the amounts required to be withheld for taxes, Social Security, insurance, pension, or union dues shall be paid to the Debtor in accordance with usual payment procedures.
(6) NO OTHER DEDUCTIONS FOR GARNISHMENT, WAGE ASSIGNMENT, CREDIT UNION, OR ANY OTHER PURPOSE SHALL BE MADE FROM THE INCOME OF DEBTOR WITH THE SOLE EXCEPTION OF ANY CHILD OR DOMESTIC SUPPORT PAYMENTS.
(7) this order supersedes previous orders made to the Respondent in this case.
(8) the Respondent shall not charge any fee to the Debtor for the administration of this attachment order, except as may be allowed upon application to and order of this Court.
(9) that the debtor(s) shall remain responsible for timely making all monthly plan payments to the Chapter 13 Trustee, either in whole or in part, until such time as the automatic paycheck withdrawals by the employer or other automatic attachments such as automatic bank transfers or welfare checks begin. The first Plan payment is due within thirty (30) days after the Chapter 13 Plan has been filed. Any failure to timely remit full Plan payments to the Trustee may result in the dismissal of the case after notice and hearing. Employers and others who fail to withhold funds and pay them over to the Trustee as ordered herein may be subject to sanctions including damages to debtor and this estate.

DATED this _____ day of June, 2022

_____
Jeffery A. Deller, United States Bankruptcy Judge